

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

---

CSK:DDB
F. #2009R01100

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 21, 2010

**VIA ELECTRONIC FILING**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: United States v. Barry Cohan
     <u>Criminal Docket No. 07-841(S-2)(FB)</u>

Dear Judge Block:

  The government writes in reply to the defendant's June 15 letter ("Def Let"), which the defendant submitted in opposition to the government's June 2, 2010 sentencing letter ("Govt Let").  In Govt Let, the government requested that the defendant be sentenced to forfeiture, as well as restitution.  In addition, in Govt Let, the government requested that the defendant, based upon his newly discovered recent crimes, be sentenced to a term of imprisonment above the three years and one day that the Court announced at the May 28, 2010 sentencing proceedings, before it learned of the defendant's new crimes.  The defendant, in Def Let, makes three contentions in opposition to the government's requests.

  First, the defendant contends that the government promised him that his forfeiture amount would be used to pay off his restitution obligations.  Second, the defendant contends that, in light of the term of imprisonment that the Court announced at the May 28 sentencing proceedings, the Court lacks jurisdiction, even based upon the newly discovered evidence of the defendant's new crimes, to impose a higher term of imprisonment.  Third, the defendant contends that he did not really commit new crimes, but rather only made mistakes, when, two days before the May 28 sentencing proceedings, he sent out bills to his Port Authority of New York and New Jersey ("PA") patients, demanding that they pay him the same amounts he had been convicted of fraudulently billing to the PA in this very case.  Each of the defendant's contentions is wrong.

As to the defendant's first contention, the government points out that the Court stated at the May 28 sentencing proceeding that it would not yet decide whether the defendant should be ordered to pay restitution, forfeiture or both. Instead, the Court ordered the parties to submit further briefs on that issue. In Def Let, which contains both the defendant's opposition to Govt Let, as well as the defendant's response to the Court's May 28 order to brief the forfeiture/restitution issue, the defendant agrees with the government's assertion in Govt Let that <u>both</u> restitution and forfeiture must be ordered. However, the defendant asserts that the government has told him that the government would use the forfeiture amount to satisfy the defendant's restitution obligations to his victims. Neither of the undersigned has said this to the defendant, and we have consulted with Tanya Hill, the Assistant U.S. Attorney from this Office's Forfeiture Unit who is assigned to this case, and she has reported that she did not do so either. Thus, as the defendant agrees, the Court should sentence the defendant to both restitution and forfeiture, which is what the law requires, as the government showed in Govt Let and as the defendant agrees in Def Let.

Second, the defendant argues that the Court cannot change the term of imprisonment it announced at the May 28 sentencing proceeding based upon the defendant's newly discovered crimes because, according to the defendant, under Rule 35(c), the Court now lacks jurisdiction to amend its term of imprisonment. <u>See, e.g.</u>, <u>United States v. Werber</u>, 51 F.3d 342, 348 (2d Cir. 1995) (overturning the trial court's modification of a sentence because the "[fourteen]-day window of Rule 35(c)" had passed). The defendant is correct in asserting that Rule 35 creates a 14-day time limit that begins when the sentence is "imposed", after which the court loses jurisdiction. Def Let at n. 1.

However, Rule 32 (which specifies how the Court will "impose sentence") and Rule 35(c) are inapplicable in this situation. An order of forfeiture is part of the defendant's sentence. <u>See</u> <u>Libretti v. United States</u>, 516 U.S. 29, 38-39 (1995). Furthermore, a forfeiture order must be included in the oral pronouncement of the defendant's sentence. <u>See</u>, <u>e.g.</u>, <u>United States v. Bennett</u>, 423 F.3d 271, 281 (3d Cir. 2005) (district court erred in not making forfeiture part of the oral announcement of sentence); <u>United States v. Gilbert</u>, 244 F.3d 888, 924 (11th Cir. 2001) (forfeiture must be imposed in a proceeding where defendant has the right to allocution); <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 15 (1st Cir. 2005) (the requirement that the forfeiture be part of the sentence ensures that all aspects of the defendant's sentence are part of a single

2

package that is imposed at one time).  Since the court explicitly left open the forfeiture issue, it clearly did not, on May 28, intend to "impose" final sentence under Rule 32 until it had resolved whether or not to impose forfeiture, restitution or both as part of the sentence.  Thus, the defendant's sentence has not yet been "imposed" for the purposes of Rules 32 and 35(c).  See United States v. McGahee, 257 F.3d 520, 532-33 (6th Cir. 2001) (holding that the oral pronouncement of a sentence that it did not intend to be final did not trigger the restrictions of Rule 35).

      The key fact is that had the sentence already been "imposed" under Rules 32 and 35(c) on May 28, then this Court would already have lost jurisdiction over the case and could not now still order forfeiture.  A court cannot have "a little bit" of jurisdiction to impose sentence.  This Court clearly intended and expressly stated at the May 28 sentencing proceeding that it retained jurisdiction to issue an order of forfeiture, restitution, or both.  Thus, at that time, it did not intend to complete its "imposing [of] sentence" under Rule 32 and did not lose jurisdiction under Rule 35(c).  Indeed, the court also delayed the issuance of judgment "until after the court decides whether to impose restitution, order forfeiture or both."  Docket Sheet, entry for May 28, 2010 proceedings (emphasis added).  Therefore, this Court retains jurisdiction, McGahee, 257 F.3d at 532-33, sentencing has not been "imposed", Rule 35 has not been triggered, and the Court is free to revisit the defendant's prison term based upon the defendant's new crimes, which the Court did not even know about at the time of the May 28 sentencing proceedings.  Indeed, as the government showed in Govt Let, now that the Court does know, at a time when it retains jurisdiction to sentence the defendant, of the defendant's newly committed crimes, it must determine whether, as the government contends, these new crimes increase the defendant's guideline level by 5 levels.  Further, the Court must revisit the term of imprisonment which it will impose based upon the defendant's newly calculated guideline level.

      Third and finally, the defendant asserts that he has not really committed any new crimes.  Rather, the defendant states that he told his staff, two days before the May 28 sentencing proceedings, to send out bills to all of his patients with outstanding balances and that he mistakenly neglected to tell them not to send such bills to his PA patients.  As the defendant predicts in Def Let, the government does indeed "cr[y] out that [the defendant] is once again 'blaming his staff.'"  Def Let at 2. That is, the government contends that this mistake "defense" is a transparent replay of his "blame the staff"

3

defense that consumed so much time at his 2001 disciplinary proceedings. During those disciplinary proceedings, the defendant unsuccessfully tried to blame his staff in front of the Department of Education as a defense to the charges that he had committed fraud. It is wholly incredible for the defendant to assert that he, two days before appearing for sentencing in this case, in which he pleaded guilty to his massive fraud against the PA, merely forgot that the lion's share of the unpaid balances he had recorded for his patients were the hugely inflated bills that he had sent to his PA patients, such as the over $124,000 unpaid dental bill that he sent to PA patient Anthony Baicich (see Govt Let, attachment). The defendant cannot merely state, on paper, through counsel, for sentencing purposes, that these newly sent out bills to recover fraudulent fees were sent out by "accident," but must make this statement under oath, subject to cross-examination before the court. That is very much a disputed issue of fact for sentencing purposes.

Moreover, there is considerable authority that extreme recklessness - - *i.e.*, an extreme departure from the standards of ordinary care - - is sufficient to satisfy the mens rea requirement of "intent" needed to establish a statutory requirement of "intent to deceive . . . or defraud." See, e.g., SEC v. Steadman, 967 F.2d 636, 641-42 (D.C. Cir. 1992) and cases cited therein; SEC v. Moran, 922 F. Supp. 867, 896-97 (S.D.N.Y. 1996) and cases cited therein. If sending out, two days before sentencing, demands for payment to the very PA patients whom you have been convicted of fraudulently charging grossly inflated rates - - including unpaid dental bills of $124,000 per patient - - does not constitute extreme recklessness, then it is difficult to know what does. Thus, on both evidentiary and legal grounds, the defendant's latest invocation of his "blame the staff" defense should be rejected. The defendant did commit new crimes, which the Court and the government were both unaware of at the time of the May 28 sentencing proceedings. He should be sentenced based upon those new crimes now that the Court and the government have discovered them.

For the reasons described above, as well as those specified in Govt Let, the defendant's advisory guideline range should be recalculated. The defendant should be denied the three point reduction for acceptance of responsibility under § 3E1.1 because of his new crimes. Furthermore, two additional points should be added for obstruction of justice, since his claims of remorse were clearly false. The Court should impose a prison term based upon his new advisory guideline range at significantly higher than the three years and one day term that the Court announced on May 28. Finally, the Court should sentence the

defendant to both restitution and forfeiture, thus completing the imposition of the defendant's sentence.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                        By:        /s/
                                        Daniel D. Brownell
                                        Charles S. Kleinberg
                                        Assistant U.S. Attorneys
                                        (718) 254-6392/6012